# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CAUSE NO.: 1:15-CR-33-HAB |
| KELLY CUSTER | |

## OPINION AND ORDER

On September 3, 2019, this Court sentenced Defendant Kelly Custer to 63 months of imprisonment upon her conviction for conspiracy to commit wire fraud in violation of 18 U.S.C. § 1343. This matter is before the Court on Defendant's Letter [ECF No. 249], submitted to the Court on October 10, 2019. In her Letter, Defendant asks that she be granted a hearing and appointed new counsel, but she does not identify any statutory or other legal source for the requested remedy. The essence of her complaints are as follows: (1) that trial counsel did not fight hard enough for her or file an appeal on her behalf (2) she did not receive a fair sentencing hearing because she was medicated, and (3) she has information about various drug houses and dealers that would be valuable to the Government and justify a departure under U.S.S.G. § 5K1.1.

As stated, this Court has already sentenced Defendant. This Court has limited authority to modify a defendant's sentence. *See* 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed except" upon motion of the Director of the BOP or the defendant after exhaustion of administrative rights where certain factors are present, "to the extent otherwise expressly permitted by statute or by Rule 35," or in accordance with a sentencing range that has subsequently been lowered

by the Sentencing Commission). Defendant's Letter does not invoke any of the bases for modification set forth in § 3582(c).

Defendant has not yet reported to the Bureau of Prisons to begin serving her sentence, so subsection (c)(1)(A) is inapplicable. Rule 35(a) permits correction of a sentence that "resulted from arithmetical, technical, or other clear error" if the district court acts "[w]ithin 14 days after sentencing." Rule 35 also allows a court, upon motion of the government, to reduce a sentence to reward post-sentencing substantial assistance to the prosecution in investigating or prosecuting another person. Fed. R. Crim. P. 35(b). The sentence was imposed more than fourteen days ago, and the Government has not moved for a reduction due to substantial assistance. Accordingly, subsection (c)(1)(B) provides no grounds to modify the imposed term of imprisonment. Finally, Defendant's term of imprisonment was not based on a sentencing range that has been subsequently lowered by the Sentencing Commission, making subsection (c)(2) inapplicable.

For these reasons, the Court DENIES Defendant's request for a hearing and appointment of new counsel and DENIES Defendant's request to postpone the date by which she must surrender to the Bureau of Prisons as directed by the Bureau of Prisons.

SO ORDERED on October 16, 2019.

                                          s/ *Holly A. Brady*
                                          JUDGE HOLLY A. BRADY
                                          UNITED STATES DISTRICT COURT