UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CASE NO.: 1:15-CR-33-HAB |
| ) | |
| KELLY CUSTER ) | |

**OPINION AND ORDER**

After this Court denied Defendant, Kelly Custer's first request for compassionate release, (ECF No. 288), she has returned eight months later for a second bite of the proverbial apple. (ECF No. 289). The grounds for her second request are not much different than those in her first go-round except she now claims she is more sickly than eight months ago and continues to fear COVID-19 despite having had, and recovered from, the virus without any complications. Like the first time, she asserts a list of physical ailments, including her morbid obesity (she has a BMI >54), diabetes, "bad lungs," hypertension, chronic kidney disease, and neuropathy, that she contends put her at an increased risk of harm from COVID-19. Like the first time, her records show that her ailments and complaints are well-addressed and controlled by the BOP. Like the first time, the medical records suggest that Defendant's filing exaggerates the nature of her medical conditions as there are no records since this Court's prior Opinion showing that any of her conditions have worsened, gone untreated by the BOP or otherwise limited her ability to care for herself while in the BOP's custody. And, like the first time, the records demonstrate that Defendant has refused at least some care offered to her, including the Moderna Vaccine. (*See* ECF No. 295, at 67, 78).

In its response, the Government reiterates the arguments it made the first time and utilizes this Court's original Opinion to further bolster its position that she has not laid the groundwork for compassionate release. Ultimately, it is Defendant's burden to establish that a "compassionate

release" is warranted under the statute. *United States v. Wesley*, 2020 WL 3868901, *1 (D. Kan. July 9, 2020); *see also United States v. Bright*, 2020 WL 473323, at *1 ("extraordinary and compelling" imposes a heavy burden on a defendant seeking relief under Section 3582(c)(1)(A)). Defendant has not met her burden here.

First, Defendant has not pointed to any new medical condition or exacerbated medical condition since this Court's original Opinion so as to demonstrate an extraordinary and compelling reason under the statute. Likewise, there is no indication of any serious illness occurring from her COVID-19 diagnosis and even less suggesting that her pre-existing medical conditions increased the severity of COVID-19 in her system.  In determining whether to grant compassionate release to an inmate with COVID-19, district courts consider the inmate's current symptoms and need for urgent treatment as well as the inmate's chronic medical conditions. *United States v. Fraley*, No. 4:15-CR-28 TWP-VTW-10, 2020 WL 5913284, at *5 (S.D. Ind. Oct. 6, 2020). Where, as here, a defendant does not appear to have any current symptoms nor a need for urgent treatment, the Court does not have to hypothesize as to Defendant's reaction to COVID-19. Indeed, it appears the Defendant has weathered the storm of COVID without severe illness and her contention that if she contracts COVID-19 a second time, it could be deadly is simply not borne out in the record.

Further, even if she had not been diagnosed with COVID-19, there remains nothing in the medical records or in the Defendant's motion suggesting her medical conditions "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *See* U.S.S.G. 1B1.13 (requiring a defendant relying on a serious physical or medical condition to demonstrate a diminution in self-care abilities as a result of the condition). Thus, the Defendant's various medical conditions do not support her request for compassionate release.

That said, even if the Court was inclined to find that the Defendant's health issues constituted an "extraordinary and compelling" reason justifying release and it determined that her self-care in the BOP was hindered by those conditions, the Court concludes that her release remains inappropriate in light of the factors set forth in § 3553(a). At the time of her original request, this Court noted that Defendant had served only 10 months of her 63-month sentence for engaging in white collar crime and bilking her victims out of nearly $1.5 million. Now, she has served 18 months of that sentence – a sentence imposed to reflect the particularly egregious facts of her scheme; indeed, the Defendant conspired with her own children to fraudulently obtain money from victims who, in turn, believed the Defendant and her family were being threatened by the mafia. (ECF No. 28). As this Court previously noted, "[g]iven the nature of her white collar crime and the short time she has spent incarcerated for it, the Court cannot be assured that she is not a danger to the community should she be released." (ECF No. 288 at 8). This sentiment bears repeating here as Defendant has not served even half of the sentence imposed for her crime.

In sum, because this Court does not find extraordinary and compelling circumstances exist for the Defendant's release and a reduction of sentence is inconsistent with the § 3553(a) factors, Defendant does not meet the criteria for compassionate release and her motion is DENIED.

## CONCLUSION

Based on the foregoing, the Defendant's Motion (ECF No. 289) is DENIED. So ORDERED on April 20, 2021.

s/ *Holly A. Brady*  
JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT