UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:15-CR-00033-HAB-SLC |
| | ) | |
| KELLY CUSTER | ) | |

## OPINION AND ORDER

Before the Court is the Government's Motion for Turnover to Authorize Payment from Inmate Trust Account filed on September 13, 2021, asking the Court for an order pursuant to 18 U.S.C. §§ 3613(a) and 3664(k) and (n) authorizing the Federal Bureau of Prisons ("BOP") to turn over to the Clerk of Courts the funds held in Defendant's inmate trust account, minus $150, to be applied as payment toward the restitution imposed in this case. (ECF 307). Defendant has not filed a response to the motion, despite being afforded fourteen days to do so. (ECF 308). Accordingly, the motion is unopposed. For the following reasons, the Government's motion will be GRANTED.

### A. Factual and Procedural Background

On September 3, 2019, Defendant was sentenced to a term of sixty-three months imprisonment and ordered to pay restitution in the amount of $1,463,437.50, plus a $100 special assessment.[1] (ECF 247, 248). The judgment reflects that the restitution—which was "due immediately"—was to be paid at a minimum rate of $35 per month, starting thirty days after placement on supervision until said amount is paid in full. (ECF 248 at 5).

Defendant is presently in federal custody at the Federal Correctional Institution in Lexington, Kentucky, with a scheduled release date of April 7, 2024. (ECF 307 ¶ 2). The

---

[1] The Government reports that Defendant has paid the $100 special assessment in full. (ECF 307 ¶ 1).

Government reports that it was recently informed that the BOP, an agency within the United States Department of Justice, currently maintains in its possession, custody, or control approximately $1,146.11 in Defendant's inmate trust account. (*Id.* ¶ 3). The Government states that such funds may include a payment Defendant received pursuant to the American Rescue Plan Act of 2021 commonly referred to as a "stimulus" or "economic impact" payment. (*Id.* ¶ 3 n.1).

The Government reports that Defendant's outstanding restitution balance was $1,445,667.20 the date the motion was filed. (*Id.* ¶ 1). The Government seeks a Court order authorizing the BOP to turn over the funds in Defendant's inmate trust account, minus $150 to be reserved for Defendant's miscellaneous expenses, to the Clerk of the Court as payment toward Defendant's outstanding restitution balance. (*Id.* ¶ 3).

### B. Legal Standard

"A court order imposing restitution serves as a lien in favor of the Government on all of a defendant's property not exempted by 18 U.S.C. § 3613(a)(1)." *United States v. Davis*, No. 3:14-CR-47 JD, 2021 WL 2678765, at *1 (N.D. Ind. June 30, 2021) (citing *United States v. Sayyed*, 862 F.3d 615, 618 (7th Cir. 2017)); *see also* 18 U.S.C. § 3613(c). "This means the [G]overnment steps into the defendant's shoes, 'acquir[ing] whatever rights the [defendant] himself possesses.'" *Sayyed*, 862 F.3d at 618 (second and third alteration in original) (quoting *United States v. Nat'l Bank of Com.*, 472 U.S. 713, 725 (1985)); *see United States v. Doyle*, No. 10 CR 30057-DWD, 2021 WL 1814989, at *1 (S.D. Ill. May 6, 2021) ("Federal law gives the Government a lien on all of Defendant's property, just as if the United States held a tax lien on [her] property." (citing 18 U.S.C. § 3613(c); *United States v. Lemberger*, 673 F. App'x 579, 580

(7th Cir. 2017))). "Payments into an inmate's trust account do not fall into an exempted category [under the tax code]." *Davis*, 2021 WL 2678765, at *1 (citing 18 U.S.C. § 3613(a)(1)).

If a defendant who is obligated to provide restitution "receives substantial resources from any source . . . during a period of incarceration, [she] shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n); *see United States v. White*, 745 F. App'x 646, 648 (7th Cir. 2018) ("[A]n inmate who receives money from any source *must* apply it to restitution still owed."); *Lemberger*, 673 F. App'x at 580 (same); *Davis*, 2021 WL 2678765, at *1 (same). An order of restitution may be enforced by the Government through "all . . . available and reasonable means." 18 U.S.C. § 3664(m)(1)(A)(ii); *see also Lemberger*, 673 F. App'x at 580.

"[W]hen the property is within the Government's control, like it is here with respect to Defendant's inmate trust account, the 'reasonable means' provision allows for the Government to seek a turnover order from the Court that issued the restitution order." *United States v. Curry*, No. 2:06-cr-00011-LJM-CMM, 2017 WL 10457419, at *1 (S.D. Ind. Aug. 11, 2017) (citation omitted); *see also Davis*, 2021 WL 2678765, at *1 ("[A] motion for transfer of funds is proper . . . when the funds at issue are within the custody and control of the BOP, as they are in this case." (citing *United States v. Meux*, 597 F.3d 835, 837 (7th Cir. 2010))).

### C.  Analysis

Here, the economic stimulus payment constitutes a material change in Defendant's economic circumstances that might affect her ability to pay restitution.[1]  *See* 18 U.S.C. § 3664(k); *Davis*, 2021 WL 2678765, at *1. Further, the applicable law clearly provides that where Defendant "receives substantial resources from *any source . . .* during a period of

---

[1] The Government does not provide evidence establishing the funds in Defendant's inmate trust account, but Defendant does not dispute that the funds came, at least in part, from an economic stimulus payment.

3

incarceration, [she] shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n) (emphasis added); *see also White*, 745 F. App'x at 648.  In any event, as mentioned, Defendant does not oppose the motion.  Accordingly, the Government's motion for turnover of the funds in Defendant's inmate trust account will be granted.

### D.  Conclusion

For the foregoing reasons, the Government's Motion for Turnover to Authorize Payment from Inmate Trust Account (ECF 307) is GRANTED.  The BOP is ORDERED to turn over the funds in the inmate trust account of Defendant Kelly Custer, Reg. 14194-027, minus $150, to the Clerk of the Court to apply to the restitution owed in this case.

SO ORDERED.

Entered this 13th day of October 2021.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge