UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO.: 1:15-CR-33-HAB |
| ) | |
| KELLY CUSTER ) | |

**OPINION AND ORDER**

Kelly Custer has previously asked this Court to grant her compassionate release. (ECF Nos. 274, 289). Her latest request seeks release because of the untimely death of her adult son and her various medical conditions. (ECF No. 322) Along with her letter, she attached an exhibit which she contends shows her attempt to exhaust her administrative remedies and the futility of that request. (ECF No. 322-1).

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). But a handful of statutory exceptions exist, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights … may reduce the term of imprisonment … after considering the factors set forth in [18 U.S.C. § 3553(a)] … if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission…" Accordingly, for a defendant to be eligible for compassionate release she must have exhausted her administrative remedies. Additionally, the Court must find that (1) extraordinary and compelling reasons for release exist, and (2) considering the applicable factors in 18 U.S.C. § 3553(a), the extraordinary and compelling reasons warrant release.

Prisoners must exhaust their administrative remedies prior to filing a request for compassionate release. *United States v. Sanford*, 986 F.3d 779 (7th Cir. 2021). A court may excuse a failure to exhaust where an inmate can show that such a request is futile, *see Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998).

Here, Defendant asserts that the warden failed to respond to provide her with "an 8 and a 9 paperwork on 11/25/22 to start the proper remedies."[1] She submits an email to the Warden dated the following day, November 26, 2022, and declares in that email that "this exhausts my administrative remedies because I was denied my rights, making the administrative remedies futile." (ECF No. 322-1). Having reviewed the email submission from the Defendant, the Court is skeptical that her self-determination that her access to the administrative process is futile, makes it so. The Court has nothing before it from the Warden showing that she was, in fact, denied paperwork. Nor is the fact that she may have been denied grievance paperwork determinative of her ability to petition the Warden for compassionate release.

But, even if the court were to find that exhaustion was futile and reach the merits based on her letter, the Defendant has not met her burden of demonstrating "extraordinary and compelling reasons" to justify a sentence reduction. This Court has previously explained to the Defendant that her medical conditions do not rise to the level of "extraordinary and compelling" as they are being managed by the BOP. She has not produced any additional evidence to show that her health has declined or that the BOP is not properly addressing her medical conditions. Further, the

---

[1] The Court presumes that the Defendant is referring to a BP-8 and a BP-9 form. A BP-8 form is an informal complaint provided to staff. A BP-9 is a Request for Administrative Remedy and is the way a formal complaint process begins. See BOP Administrative Remedies 11.15.17 REVISED.pdf (dc.gov). However, these forms appear unrelated to compassionate release and are inmate grievance complaints. The BOP procedure for compassionate release/reduction in sentence is described in Program Statement 5050.50, dated January 17, 2019.

circumstances of her adult son's death, while certainly sad and unfortunate, does not create an avenue for compassionate release. *See* U.S.S.G. §1B1.13 n. 1.[2]

Finally, even if Defendant did establish that her health conditions and her family circumstances were extraordinary and compelling, this Court is not required to grant compassionate release if the §3553(a) factors weighed against it. A court may authorize compassionate release only if, "after considering the factors set forth in section 3553(a)," it decides that extraordinary and compelling reasons justify release. *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (quoting § 3582(c)(1)(A)). This Court has twice before explained that the factors under §3553(a) do not warrant the Defendant's release. (ECF No. 288 at 8; ECF No. 297 at 3). Nothing the Defendant states in her letter alters this conclusion. The Court emphasizes again that for nearly eight years, the Defendant participated in a scheme *with her own children* to bilk innocent victims out of nearly 1.5 million dollars. Her 63-month sentence was warranted at the time of her initial sentencing and the circumstances are not more propitious today. Therefore, her letter requesting compassionate release (ECF No. 322) is DENIED.

SO ORDERED on December 12, 2022.

s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

[2] The Sentencing Guidelines policy statement related to compassionate release does mention family circumstances as a basis for compassionate release. U.S.S.G. § 1B1.13 n.1. This policy statement and its definitions are not binding, but it provides useful guidance to the district courts. The family circumstances section of this statement states the following should be considered extraordinary and compelling reasons:

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

U.S.S.G. § 1B1.13 n.1. The Defendant's circumstances do not qualify under this policy statement.